UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

GEOFFREY GASTON

CASE NO. 6:23-cr-36-RBD-LHP
18 U.S.C. § 1951
18 U.S.C. § 924(c)

## INDICTMENT

The Grand Jury charges:

1. At all times material to this Indictment, each of the following were entities that operated in the operated in and affected interstate commerce:

    a. 7-Eleven Store, 13407 State Road 535/S. Apopka Vineland Rd., Orlando, Florida ("7-11 South Orlando");

    b. 7-Eleven Store, 990 Lake Destiny Road, Altamonte Springs ("7-11 Altamonte Springs")

    c. 7-Eleven Store, 7405 Red Bug Lake Road, Oviedo ("7-11 Oviedo"); and

    d. 7-Eleven Store, 1500 W Smith Street, Orlando ("7-11 Orlando").

## COUNT ONE

On or about September 12, 2022, in the Middle District of Florida, and elsewhere, the defendant,

GEOFFREY GASTON,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and

commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of the U.S. currency of 7-11 South Orlando, from the person and in the presence of another, that is, an employee of 7-11 South Orlando, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT TWO

On or about September 12, 2022, in the Middle District of Florida, the defendant,

### GEOFFREY GASTON,

did knowingly use and carry and brandish a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, the robbery charged in Count One of the Indictment; Count One being incorporated by reference

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT THREE

On or about September 26, 2022, in the Middle District of Florida, and elsewhere, the defendant,

### GEOFFREY GASTON,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of the U.S. currency of 7-11 Altamonte Springs, from the person and in the presence of another, that is, an employee of 7-11 Altamonte Springs, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT FOUR

On or about September 26, 2022, in the Middle District of Florida, the defendant,

## GEOFFREY GASTON,

did knowingly use and carry and brandish a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, the robbery charged in Count Three of the Indictment; Count Three being incorporated by reference

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## COUNT FIVE

On or about September 26, 2022, in the Middle District of Florida, and elsewhere, the defendant,

3

GEOFFREY GASTON,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of the U.S. currency of 7-11 Oviedo, from the person and in the presence of another, that is, an employee of 7-11 Oviedo, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT SIX

On or about September 26, 2022, in the Middle District of Florida, the defendant,

GEOFFREY GASTON,

did knowingly use and carry and brandish a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, the robbery charged in Count Five of the Indictment; Count Five being incorporated by reference

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

4

## COUNT SEVEN

On or about October 5, 2022, in the Middle District of Florida, and elsewhere, the defendant,

GEOFFREY GASTON,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of the U.S. currency of 7-11 Orlando, from the person and in the presence of another, that is, an employee of 7-11 Orlando, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT EIGHT

On or about October 12, 2022, in the Middle District of Florida, and elsewhere, the defendant,

GEOFFREY GASTON,

did knowingly, in any way and degree, obstruct, delay, and affect commerce as that term is defined in 18 U.S.C. § 1951(b)(3), and the movement of any article and commodity in such commerce, by robbery, as that term is defined in 18 U.S.C. § 1951(b)(1), that is, by knowingly and unlawfully taking and obtaining personal property consisting of the U.S. currency of 7-11 South Orlando, from the person and

in the presence of another, that is, an employee of 7-11 South Orlando, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person.

In violation of 18 U.S.C. § 1951(a) and (b).

## COUNT NINE

On or about October 12, 2022, in the Middle District of Florida, the defendant,

### GEOFFREY GASTON,

did knowingly use and carry and brandish a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a crime of violence for which the defendant may be prosecuted in a Court of the United States, specifically, the robbery charged in Count Eight of the Indictment; Count Eight being incorporated by reference

In violation of 18 U.S.C. § 924(c)(1)(A)(ii).

## FORFEITURE

1. The allegations contained in Counts One through Nine are incorporated by reference for the purpose of alleging forfeiture, pursuant to provisions of 18 U.S.C. §§ 924(d), 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. Upon conviction of a violation of 18 U.S.C. §§ 924(c) and/or 1951, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Dana E. Hill
Assistant United States Attorney

By: *[signature]*
for Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

FORM OBD-34
APR 1991

No. _____

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Orlando Division

THE UNITED STATES OF AMERICA

vs.

GEOFFREY GASTON

## INDICTMENT

Violation: 18 U.S.C. § 1951
18 U.S.C. § 924(c)



Filed in open court this 15th day

of March, 2023.

_____
Clerk

Bail   $_____